# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER S. GARBER; BETTY C. TING; EMILIA C. TING, M.D.; EMILIA C. TING, M.D., INC.; GARBER T. SERVICES CO., INC.; AND GOLDEN VALLEY AERO, INC., <br><br> Plaintiffs, <br> v. <br><br> CITY OF CLOVIS; ABBY SPENCER SGT. MCFADDEN; POLICE CHIEF JIM ZULIM in Their Individual and Official Capacities; and DOES 1-75, Inclusive, <br><br> Defendants. | 1: 09- CV-0242 AWI SMS <br><br> ORDER DENYING PLAINTIFFS' PETITION FOR ORDER RELIEVING PLAINTIFFS FROM THE PROVISIONS OF CALIFORNIA GOVERNMENT CODE § 945.4 <br><br> [Document *#14*] |

## BACKGROUND

This action stems from the search of Plaintiffs' residence on or about February 7, 2007, and the seizure of eight computers. Six of the computers contained medical records, which were the property of Plaintiffs Emilia C. Ting, M.D., Inc., and Emilia C. Ting, M.D. The search was conducted pursuant to a warrant that concerned Plaintiff Chester S. Garber's potential possession of child pornography. During the search, Plaintiffs Chester S. Garber and Betty Ting were present and told officers that the computers contained medical records, including the medical records of Plaintiffs Emilia Ting, Betty Ting, and Chester S. Garber, business records of Plaintiffs Chester S. Garber and Betty C. Ting, and photographs and business records of

Plaintiffs Garber Services Co., Inc., and Golden Valley Aero, Inc. Five of the computers were returned to Plaintiffs. However, Defendant City of Clovis maintains physical possession of three of Plaintiffs' computers and will not unconditionally turn over all items seized. No criminal charges have been filed against Plaintiff Chester S. Garber or any other Plaintiff.

On February 5, 2009, Plaintiffs filed a complaint. The first cause of action is brought pursuant to 42 U.S.C. § 1983 and alleges a violation of Plaintiffs' Fourth and Fourteenth Amendment rights. The second cause of action is brought pursuant to 42 U.S.C. § 1983 and alleges a constitutional violation by the City of Clovis pursuant to an official policy of the municipality. The third cause of action is brought pursuant to California Civil Code §§ 52 and 52.1 and alleges Defendants deprived Plaintiffs of their rights to be free from unlawful searches and seizures under Article 1, sections 7 and 13 of the California Constitution. The fourth cause of action is brought by Plaintiffs Emilia C. Ting M.D. and Emilia C. Ting, M.D., Inc., pursuant to California Civil Code §§ 56.35 and 56.36 in their capacity as an individual patient whose records have been disclosed to the City of Clovis Police Department and on behalf of the individual patients whose records were in her possession when seized in violation of California law. The fifth cause of action is brought by Plaintiff Chester S. Garber pursuant to California Civil Code §§ 56.35 and 56.36 as an individual patient whose medical records were seized in violation of California law. The sixth cause of action is brought by Plaintiff Betty C. Ting pursuant to California Civil Code §§ 56.35 and 56.36 as an individual patient whose medical records were seized in violation of California law.

On August 20, 2009, Plaintiffs filed a petition for the court to issue an order relieving them from the provisions of California Government Code § 945.4 because Defendants have denied Plaintiffs' claim pursuant to the California Tort Claims Act ("CTCA") as untimely. Plaintiffs request the court excuse any failure to comply with the CTCA pursuant to the court's power under California Government Code § 946.6. Plaintiffs contend that they complied with the CTCA by filing a complaint with the Office of Civil Rights, Department of Health and

Human Services ("OCR"). In addition, Plaintiffs contend the time within which they had to file a claim pursuant to the CTCA was tolled during the pendency of the time the complaint was pending with OCR. In the alternative, Plaintiffs contend that their claim is timely because there is a continuing violation. Finally, Plaintiffs contend that any failure to present a claim within the six month time limit should be excused because of mistake, inadvertence, surprise, and excusable neglect.

On September 15, 2009, Defendants filed an opposition to Plaintiffs' petition for relief from complying with the CTCA. Defendants contend Plaintiffs did not file a claim within six months of the date of the search with Defendant City of Clovis, and Plaintiffs have not provided the court with grounds to excuse the late filing.

On October 9, 2009, Plaintiffs filed a reply brief.

## LEGAL STANDARD

In the pending motion Plaintiffs request that the court relieve them from the provisions of California Government Code § 945.4 of the CTCA. Plaintiffs contend the court has jurisdiction to relieve them from the CTCA 's requirements pursuant to California Government Code § 946.6. Section 946.6(a) provides:

> If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates. If the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court. If an action on the cause of action to which the claim relates would be a limited civil case, a proceeding pursuant to this section is a limited civil case.

Cal. Gov. Code § 946.6. The granting of a petition under Section 946.6 allows the petitioner to bypass the claims procedure altogether and does not then require the re-filing of a late claim. Los Angeles City School Dist. v. Superior Court, 9 Cal.App.3d 459, 467-68 (1970).

> Under Government Code section 946.6, a court shall relieve the petitioner from Government Code section 945.4 (necessity of written claim acted upon by board or deemed to have been rejected) if the court finds (1) the application to the board under Government Code section 911.4 was made within a reasonable time not to

3

> exceed that specified in Government Code section 911.4, subdivision (b) (one year after the accrual of the cause of action); (2) the application was denied or deemed denied pursuant to Government Code section 911.6 (grant or denial of application by board); and (3) the failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes it would be prejudiced in the defense of the claim if the court relieves the petitioner from Government Code section 945.4.

Munoz v. State of California, 33 Cal.App.4th 1767, 1782 (1995).

The court decides whether to grant relief pursuant to Section 946.6 on the basis of the petition, declarations, and evidence offered in support of or opposition to the petition. Ovando v. County of Los Angeles, 159 Cal.App.4th 42, 64 (2008); Jefferson v. County of Kern, 98 Cal.App.4th 606, 612 n.16 (2002); County of Sacramento v. Superior Court, 42 Cal.App.3d 135, 139 (1974). "The statute grants the court discretion to determine whether the statutory grounds are satisfied and contemplates factual findings by the court in connection with that exercise of discretion." Ovando, 159 Cal.App.4th 42, 65 (2008). The right to trial by jury does not extend to a request for relief under Section 946.6. Santee v. Santa Clara County Office of Education, 220 Cal.App.3d 702, 711 (1990); County of Sacramento, 42 Cal.App.3d at 140. The party seeking relief pursuant to Section 946.6 bears the burden of proof. Munoz v. State of California, 33 Cal.App.4th 1767, 1783 (1995); Santee, 220 Cal.App.3d at 708; Moore v. State of California, 157 Cal.App.3d 715, 727 (1984). The petitioner has the burden to prove by a preponderance of the evidence that his or her failure to timely present a claim to the public entity was due to mistake, inadvertence, surprise or excusable neglect. Rojes v. Riverside General Hospital, 203 Cal.App.3d 1151, 1162 (1988), *overruled on another ground in* Passavanti v. Williams, 225 Cal.App.3d 1602, 1607 (1990); Shank v. County of Los Angeles, 139 Cal.App.3d 152, 156 (1983).

Plaintiffs contend that this Federal District Court has the ability to make a finding under Section 946.6. Defendant does not dispute this court's jurisdiction to make a ruling pursuant to Section 946.6. There is support for Plaintiffs' position that this court has jurisdiction over Plaintiffs' request. See, e.g., Rahimi v. National R.R. Passenger Corp. (Amtrak), 2009 WL

1883756, *4 (N.D.Cal. Jun 30, 2009) (granting jurisdiction for claims arising under § 946.6); Perez v. Escondido, 165 F.Supp.2d 1111, 1115 (S.D.Cal. 2001) (same). But see, e.g., Hernandez v. McClanahan, 996 F.Supp. 975, 978 (N.D.Cal.1998) (denying jurisdiction for claims under California Gov.Code § 946.6); Luers v. Smith, 941 F.Supp. 105, 108 (C.D.Cal.1996) (same). Because all parties have assumed, without briefing the issue, that this court has jurisdiction and the ability to grant relief from complying with the CTCA and because there is support for such a finding, the court finds it is not precluded from granting the relief Plaintiffs seek through California Government Code § 946.6.

### FACTS CONCERNING THE FILING OF A CTCA CLAIM[1]

On February 7, 2007, officers of the Clovis Police Department served a search warrant at the residence of Plaintiff Chester S. Garber. Eight computers were seized, including six computers that contained medical records.

On March 20, 2007, Roger Nuttall, an attorney representing Chester S. Garber in potential criminal proceedings, filed an ex parte application for the recovery of seized property in the Fresno County Superior Court. On April 10, 2007, Mr. Nuttall entered into a stipulation with the City of Clovis to return five computers. In these filings, Mr. Nuttall represented that he was the attorney for Chester S. Garber. Plaintiffs believe the Clovis Police Department made and has kept copies of the information contained on these five computers.

On or about February 7, 2008, Defendant City of Clovis advised Mr. Nuttall, that it would make copies of all of the business records seized on February 7, 2007, and provide them to Plaintiffs by March 31, 2008. On or about April 25, 2008, Defendant City of Clovis advised Mr. Nuttall that it was having trouble completing that task. To expedite the process, Mr. Nuttall asked that all items seized from the residence on February 7, 2007, be returned. Defendant City of Clovis agreed that this would be a viable option if Plaintiffs agreed that Defendant City of

---

[1] These facts have been taken from the exhibits provided by the parties. The parties do not dispute these underlying facts, only their legal significance.

Clovis could delete the files/images that it alleges constitute child pornography. Plaintiffs would not agree to this condition.

On July 18, 2007, Mr. Nuttall sent a complaint to the OCR, alleging multiple violations of the Health Insurance Portability and Accountability Act, ("HIPAA"), Public Law 104-191, Title 42 U.S.C. §1320d-1(a) against the City of Clovis Police Department ("hereinafter OCR complaint"). Mr. Nuttall enclosed complaint forms for each Plaintiff.

On January 10, 2008, the OCR sent Mr. Nuttall a letter at his business address. The letter informed Mr. Nuttall that the OCR was not able to accept the complaint for further investigation because the allegations, even if substantiated, did not violate HIPAA's privacy rules. Mr. Nuttall does not have a record of receiving this letter and had believed that the matter was still pending.

On February 9, 2009, Plaintiffs presented a CTCA claim to Defendant City of Clovis. The claim covered an alleged course of misconduct from February 7, 2007 to the present. The claims were returned as untimely on February 26, 2009. On April 30, 2009, Plaintiffs presented Defendant City of Clovis with an Application for Leave to Present a Late Claim for damages. On June 1, 2009, Defendant City of Clovis denied this application.

**DISCUSSION**

California Government Code § 945.4 requires as a prerequisite to maintenance of an action against a public entity for damages arising out of an alleged tort the timely filing of a claim and its rejection by such entity. Cal. Gov't Code § 945.4. Timely claim presentation is not merely a procedural requirement, but rather, a condition precedent to a plaintiff's maintaining an action against a defendant, and thus, an element of the plaintiff's cause of action. K.J. v. Arcadia Unified School Dist.,172 Cal.App.4th 1229, 1238 (2009). In a civil rights action the Ninth Circuit has found that a plaintiff's pendent state law claims against the state or state employees are barred unless the plaintiff has complied with the requirements of the CTCA before commencing the civil action. Ortega v. O'Connor, 764 F.2d 703, 707 (9th Cir.1985), *rev'd on*

*other grounds*, 480 U.S. 709 (1987). State claims are subject to dismissal if they do not comply with the requirements of the CTCA. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cr. 1988); Donohue v. State of California, 178 Cal. App. 3d 795 (1986).

Before suing a public entity, a plaintiff must present a timely written claim for damages to the public entity. Cal. Gov't Code § 911.2; Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 208 (2007); K.J., 172 Cal.App.4th at 1238. Such a claim must be presented to the governmental entity no later than six months after the cause of action accrues. Cal. Gov't Code § 911.2; Shirk, 42 Cal.4th at 208; K.J., 172 Cal.App.4th at 1238. A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal.Gov't Code § 911.4. A person who receives written rejection of his claim has six months from the date the rejection was mailed to file a lawsuit regarding the claim. Cal. Gov't Code 945.6(a)(1); Shirk, 42 Cal.4th at 2089.

**A. Accrual of Plaintiffs' Claims**

Defendants contend that Plaintiffs' claims accrued in February 2007, when the residence was searched and the computers seized. Plaintiffs' contend that the continued seizure of their property is a continuing violation and/or they are entitled to equitable tolling.

The date of accrual of a cause of action marks the starting point for calculating the claims presentation period. Cal. Gov't Code § 901; K.J., 172 Cal.App.4th at 1239. The general rule is that a cause of action accrues when it is "complete with all of its elements. . . ." Norgart v. Upjohn Co., 21 Cal.4th 383, 397 (1999). Those elements are "generically referred to by sets of terms such as 'wrongdoing' or 'wrongful conduct,' 'cause' or 'causation,' and 'harm' or 'injury'. . . ." Id. (quoting Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1107, 1109-10, 1112-14 (1988). An exception to the general rule is the discovery rule, which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Norgart, 21 Cal.4th at 397. The plaintiff "need not know the specific "facts" necessary to establish' the cause of action; rather, he may seek to learn such facts through the 'process contemplated by

pretrial discovery. . .."  Norgart, 21 Cal.4th at 398 (quoting Jolly, 44 Cal.3d at 1111.)  The policies underlying statutes of limitations include giving defendants reasonable repose, protecting parties from defending stale claims where factual obscurity through the loss of time, memory or supporting documentation may present unfair handicaps, and stimulating plaintiffs to pursue their claims diligently.  Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 806 (2005).

Here, the alleged wrongful conduct occurred on February 7, 2007, when Clovis Police Department Officers seized Plaintiffs' property, including the computers and computer related evidence.  Plaintiffs' California Civil Code §§ 52 and 52.1 claims are based on the alleged wrongful search and seizure on February 7, 2002.  Plaintiffs' California Civil Code §§ 56.35 and 56.36 claims are based on the seizure of computers containing medical information.  Thus, the state law claims accrued on February 7, 2007, when Defendants allegedly seized the computers and disclosed patient records absent a continuing violation or tolling.

### *1. Continuing Violation*

Plaintiffs contend that the seizure is a continuing violation so that the CTCA claim they filed is at least effective for all statutory damages that accrued during the six months proceeding the filing of the CTCA claim.   Plaintiffs basis their continuing violation argument on Dillon v. Board of Pension Commrs., 18 Cal.2d 427 (1941).   In Dillon, the California Supreme Court held that the right to receive periodic payments under a pension is a continuing one and any time limitation upon the right to sue for each installment necessarily commences to run from the time when that installment actually falls due.  Id.18 Cal.2d at 430.  However, an action to determine the existence of the right to benefits precedes and is distinct from an action to recover installments that have fallen due after the pension has been granted; in the prior case the statute runs from the date the decision to deny the pension was made.  Id.  In County of San Diego v. Myers, 147 Cal.App.3d 417 (1983), the appellate court held a county's action against the State of California to compel reimbursement of costs for services to medically indigent county residents was untimely.   The court held that because the underlying dispute involved the county's

entitlement to reimbursement, the statute ran from the date the notice of entitlement was rejected, "not upon failure to make a future periodic reimbursement where no obligation to do so exists." Myers, 147 Cal.App.3d at 422.

The court finds cases concerning suits over the amount of payments owing are not applicable to this action. In this action, Plaintiffs do not assert they are entitled to recover installment payments or property that is due and owing. Plaintiffs have not yet established that they are entitled to the return of their property. No cause of action is based on a binding court order or contract to return the property in installments. Absent authority from Plaintiffs showing the continued holding of seized property can constitute a continuing violation for the purposes of the statute of limitations in a CTCA case, the court finds the case cited by Plaintiffs offers no assistance.

### *2. Equitable Tolling*

Plaintiffs contend that the statute of limitations should be equitably tolled because the Defendant City of Clovis received timely notice of the first of two proceedings and Plaintiffs were acting reasonably in proceeding with one claim and not the other. Defendants contend that the OCR complaint is not one of two alternative remedies against the same entity.

Equitable tolling may apply when a claimant voluntary pursues alternate remedies. McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 101 (2008). The reason for allowing equitable tolling while a claimant is pursuing other remedies "affords a defendant notice of the claims against it so that it may gather and preserve evidence, and thereby satisfies the principal policy behind the statute of limitations." McDonald, 45 Cal.4th at 102. Equitable tolling requires a showing of three elements: (1) Timely notice; (2) Lack of prejudice to the defendant; and (3) Reasonable and good faith conduct on the part of the plaintiff. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993); McDonald, 45 Cal.4th at 102; Addison v. State of California, 21 Cal.3d 313, 319 (1978). The first element requires that the first claim have been filed within the statutory period and it must alert the defendant in the second claim of

the need to begin investigating the facts which form the basis for the second claim. McDonald, 45 Cal.4th at 102 n.2; Collier v. City of Pasadena, 142 Cal.App.3d 917, 924 (1983). The second element "essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." McDonald, 45 Cal.4th at 102 n.2; Collier, 142 Cal.App.3d at 925. The third element "of good faith and reasonable conduct on the part of the plaintiff is less clearly defined in the cases." McDonald, 45 Cal.4th at 102 n.2. However, the plaintiff must file his second claim a short time after tolling has ended. McDonald, 45 Cal.4th at 102 n.2; Downs v. Department of Water & Power, 58 Cal.App.4th 1093, 1100 (1997).

The court finds that these elements have not been met so as to count the OCR complaint as the first of two alternative proceedings. In filing the OCR complaint, Plaintiffs were not pursuing legal remedies for violations of the Fourth Amendment, negligence, and statutory damages pursuant to California law. The OCR complaint was to report potential violations of HIPAA. This is not a matter of a plaintiff having several legal remedies, and in good faith, electing to pursue one. The OCR complaint could not grant relief for Plaintiffs' alleged constitutional and tort claims nor could it provide Plaintiffs with monetary damages. The OCR complaint merely would determine if the OCR had jurisdiction, and if so, whether to investigate possible health information privacy violations.

In addition, as discussed more fully below, Defendants did not receive timely notice of the OCR complaint. The complaint was sent to Jenell Hudson with the Law Office of Lozano Smith, not Defendant City of Clovis. Plaintiffs appear to take the position that Ms. Hudson is the City Attorney for Defendant City of Clovis. While Defendants concede the Law Office of Lozano Smith does some work for Defendant City of Clovis, there is no evidence that Ms. Hudson was the City Attorney for Defendant City of Clovis for all activities. This burden of proof lies with Plaintiff. Thus, equable tolling is not available.

1 **B. Did the OCR Complaint Substantially Comply With the CTCA's Requirements?**

Plaintiffs contend that they substantially complied with the requirements of the CTCA by filing the OCR complaint and letter. Plaintiffs point out, and Defendants admit, that the OCR complaint was served on Jenell Hudson of the Law Office of Lozano Smith, which does some work for Defendant City of Clovis. Defendants contend that Ms. Hudson is not an employee of the City of Clovis, and as such, Plaintiffs' service on Ms. Hudson was not appropriate notice. In addition, Defendants contend the OCR complaint did not contain sufficient information for substantial compliance with the CTCA.

A "claim presented" is a claim that is defective in that it fails to comply substantially with the CTCA and California Government Code § 910 but puts the public entity on notice that the claimant is attempting to file a valid claim and that litigation will result if it is not paid or otherwise resolved. Alliance Financial v. City and County of San Francisco, 64 Cal.App.4th 635, 643-44 (1998). "Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim "if it substantially complies with all of the statutory requirements . . . even though it is technically deficient in one or more particulars." Connelly v. County of Fresno, 146 Cal.App.4th 29, 38 (2006). There is a two-part test for determining whether there has been substantial compliance. Westcon Const. Corp. v. County of Sacramento,152 Cal.App.4th 183, 200 (2007). The court must determine: "Is there some compliance with all of the statutory requirements; and, if so, is this compliance sufficient to constitute substantial compliance?" City of San Jose v. Superior Court, 12 Cal.3d 447, 456-57 (1974).

> The doctrine is based on the premise that substantial compliance fulfills the purpose of the claims statutes, namely, to give the public entity timely notice of the nature of the claim so that it may investigate and settle those having merit without litigation. The doctrine of substantial compliance, however, cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute. The test for substantial compliance is whether the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation.

Connelly, 146 Cal.App.4th at 38. "Where a claim is filed with the proper entity, although with the wrong statutory official thereof, the doctrine of substantial compliance will save the claim if the claim was actually received by the statutory officer. But where there is a complete failure to serve any responsible officer of the entity, the doctrine does not apply." Westcon, 152 Cal.App.4th at 202 (quoting Jamison, 31 Cal.App.3d at 517).

"The claim filing requirement of the Government Claims Act serves several purposes: (1) to provide the public entity with sufficient information to allow it to make a thorough investigation of the matter; (2) to facilitate settlement of meritorious claims; (3) to enable the public entity to engage in fiscal planning; and (4) to avoid similar liability in the future." Page v. MiraCosta Community College Dist.,180 Cal.App.4th 471, 493 (2009) (quoting Westcon, 152 Cal.App.4th at 202.)

### 1. Service

Pursuant to California Government Code § 914(a), a claim shall be presented to a local public entity "by either of the following means: "(1) Delivering it to the clerk, secretary or auditor thereof" or "(2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office." Even if a claimant does not comply with this section, a claim will be deemed to have been presented in compliance with Section 914 if it is actually received by the clerk, secretary, auditor, or board of the local public entity. Cal.Gov. Code § 914(d). The burden is on the party claimant to prove actual notice. Westcon, 152 Cal.App.4th at 201; Jamison v. State of California, 31 Cal.App.3d 513, 518 (1973).

Plaintiffs do not contend that Ms. Hudson is the clerk, secretary, or auditor of Defendant City of Clovis. Rather, Plaintiffs contend that Ms. Hudson was the City Attorney and was representing Defendant City of Clovis in litigation concerning the return of Plaintiffs' property. Plaintiffs provide evidence that the City Attorney for Defendant City of Clovis is presently obtained by contract as determined by the Clovis City Council. However, Plaintiffs provide no evidence that Ms. Hudson, or her law firm, have a contract with Defendant City of Clovis to

12

conduct all functions of the City Attorney. Ms. Hudson is not an employee of Defendant City of Clovis. The court declines to find based on the minimul evidence provided that Ms. Hudson was acting as the City Attorney for Defendant City of Clovis, and as such, sending her the OCR complaint was the same as sending it to the City of Clovis Clerk, Secretary, or Auditor. In addition, there is no evidence or argument that Ms. Hudson actually provided the responsible officer or entity with the OCR complaint. Finally, the OCR complaint does not request Ms. Hudson forward it to the responsible officer or entity. Here, there was a complete failure to serve any responsible officer or entity, and as such, the doctrine of substantial compliance does not apply.

### *2. OCR Complaint's Contents*

Even assuming the OCR complaint was actually presented to Defendant City of Clovis, it fails to substantially conform to California Government Code § 910. Pursuant to Section 910 a CTCA claim shall contain the following:

> (a) The name and post office address of the claimant.
> (b) The post office address to which the person presenting the claim desires notices to be sent.
> (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
> (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
> (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
> (f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

Cal. Gov't Code § 910; see also Wilson v. Tri-City Hosp. Dist., 221 Cal. App. 3d 441, 446 (1990). The CTCA is not intended to prevent surprise; Rather it is intended to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12

13

Cal. 3d 447, 455 (1974). Because the CTCA is designed to give a public entity "notice sufficient for it to investigate and evaluate the claim . . . the statute should not be applied to snare the unwary where its purpose is satisfied," and the "claim need not contain the detail and specificity required of the pleading, but need only fairly describe what the entity is alleged to have done." Stockett, 34 Cal.4th at 446. If a plaintiff "relies on more than one theory of recovery against the [governmental entity], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." Dixon v. City of Livermore, 127 Cal.App.4th 32, 40 (2005).

Plaintiffs' OCR complaint does not substantially comply with Section 910. The OCR complaint does not specify the address to which notices should be sent. The OCR complaint provides no information on whether notices should be sent to Roger Nuttall's office, the Plaintiffs' home address, or the addresses of the other various entities for which the OCR complaint was sent. The OCR complaint does not identify the name or names of the employees who allegedly caused the injury. The OCR complaint does not contain an amount claimed and does not indicate whether this matter is a limited civil case. The OCR complaint is merely a request for the OCR to conduct an investigation. Here, the OCR complaint gave too little of the information required by Section 910, and it makes no reference to the fact litigation will result if Defendant City of Clovis does not pay damages or otherwise resolve the matter. Thus, the OCR complaint does not constitute a "claim presented."

### *3. Defendant City of Clovis's Failure to Respond to the OCR Complaint*

Plaintiffs contend that Defendants failed to properly respond to their OCR complaint as a CTCA claim. Section 910.8 provides that "[i]f, in the opinion of the board or the person designated by it, a claim as presented fails to comply substantially with the requirements of Sections 910 . . . , the board or the person may, at any time within 20 days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or

omissions therein. . . ." Cal. Gov. Code § 910.8.  Section 911 further provides:

> Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant.

Cal. Gov. Code § 911.  The failure to notify the claimant of any deficiencies waives defenses to the claim's sufficiency.  Westcon, 152 Cal.App.4th at 183.

Only a "claim presented" triggers the duty to notify the claimant of defects or omissions. Page, 180 Cal.App.4th at 493; Westcon, 152 Cal.App.4th at 202.  A claim that is deficient because it was not sent to the proper authority is not a "claim presented."  A claim that is deficient because it does not substantially comply with Section 910 and provides no information about a potential future lawsuit is not a "claim presented."   Thus, Defendants had no duty to respond to the OCR complaint, and as such, have not waived any defenses Defendants may have as to the adequacy of this document.

Accordingly, the OCR complaint does not constitute a claim as required by the CTCA.

**C.  Court's Ability to Allow for Late Filed Claim**

Defendants contend that Plaintiffs' CTCA claim filed in 2009 was not timely.   The search took place in 2007, and Plaintiffs' causes of action accrued at this time.   Because the OCR complaint does not constitute a CTCA claim, Plaintiffs' formal claim to Defendant City of Clovis was not filed until 2009.

"A trial court has broad discretion in ruling on a petition for relief from the claim-filing requirement as long as the issue is whether the late claim was presented within a "reasonable time" not to exceed one year after the accrual of the cause of action." County of Los Angeles v. Superior Court (Crystal B., Steven G., Anita G.), 91 Cal.App.4th 1303, 1313 (2001).   When an application to file a late claim is not filed within one year, the court is without jurisdiction to grant relief under Section 946.6.   Id; Munoz v. State of California, 33 Cal.App.4th 1767, 1779

15

(1995). "The intent of the Tort Claims Act is not to expand the rights of plaintiffs against governmental entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances." Munoz, 33 Cal.App.4th at 1776.

The search and seizure took place on February 7, 2007. Plaintiffs did not present the CTCA claim to Defendant City of Clovis within the six-month deadline under California Government Code § 911.2. In order to obtain relief from this noncompliance, Plaintiffs were required to file an application for leave to present a late claim "within a reasonable time not to exceed one year after the accrual of the cause of action." Cal. Gov. Code § 911.4 (b). Plaintiffs did not file their claim until February 9, 2009, and did not file an application for leave to present a late claim until April 30, 2009. "Filing a late-claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition." Munoz, 33 Cal.App.4th at 1779 (internal citations omitted). Because the late-claim application was not filed within one year of the accrual of Plaintiffs' causes of action, relief under Government Code § 946.6 is not available.

**ORDER**

Accordingly, the court ORDERS that Plaintiffs' petition for an order relieving Plaintifffs from the provisions of California Government Code § 945.6 is DENIED.

IT IS SO ORDERED.

**Dated:   March 19, 2010**          /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE